■ EUGENIA DUMBADZE, Appellant, v SAXON HALL OWNER, LLC, et al., Respondents. [940 NYS2d 315]—

In an action, inter alia, to recover damages for personal injuries and breach of the implied warranty of habitability, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Mayersohn, J.), dated May 5, 2010, as granted those branches of her motion which were to compel the defendants to make certain repairs and to suspend rental payments until those repairs are made only to the extent of directing the defendants to make some of the repairs and to provide her with a 10% rent abatement until the defendants make those repairs.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's motion which was to compel the defendants to suspend rental payments until certain repairs are made only to the extent of directing the defendants to provide her with a 10% rent abatement until the defendants make certain repairs, and substituting therefor a provision granting that branch of the motion to the extent of directing the defendants to provide her with a 25% rent abatement until the subject repairs are made; as so modified, the or-

der is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff commenced this action against, among others, the owner of the apartment in which she resides. The plaintiff moved, inter alia, to compel the defendants to make certain repairs to her apartment and to suspend rental payments until the repairs are made. The Supreme Court, among other things, granted those branches of the motion only to the extent of directing the defendants to make the repairs required by the New York City Department of Housing Preservation and Development to correct certain violations and to provide the plaintiff with a 10% rent abatement until the defendants make those repairs.

The evidence submitted by the plaintiff demonstrated, inter alia, that she had a recurring problem with "bubbles" forming on the ceilings of her bedroom and living room. The evidence also demonstrated that the ceiling in the plaintiff's bedroom collapsed one morning while she was in bed, causing her injuries. Under these circumstances, the 10% rent abatement awarded to the plaintiff was insufficient, and a 25% rent abatement is appropriate (*see Perevoski v Sadoff*, 1 Misc 3d 137[A], 2004 NY Slip Op 50059[U] [2004]).

The plaintiff's remaining contentions are without merit. Angiolillo, J.P., Dickerson, Leventhal and Hall, JJ., concur.